Cueia, per
Colcocic, J.
The Court unanimously con *489 cur with the presiding Chancellor, that the negro was not liable to the distress for rent. The case is certainly within the spirit if not the letter of the act of 1799, which was intended to restrain the rigour of the common law on this subject. The act declares that no slave shall be liable to be distrained or shall at any time be distrained for house rent or any other rent, unless such slave shall bona fide belong to such person or persons as may be lawfully liable to or chargeable with the rent. 1 Brev. 242. Now it cannot be said that this negro was bona fide the property of Mr Smyth; she was mortgaged to Mr Grimke. The time of payment had been passed for years. The only interest then which Mr Smyth could have in her was an equitable interest, which' .certainly was not a subject of distress. It would seem to me a work of supererogation to refer to many authorities on this point, when there are two or three of our own in which it is expressly decided that a mortgagee after the day of payment is considered as the owner of the property. In the case of Wolfe v. O'Farrell, 1 Const. Rep. Tread. 151, although the paper in that case was a bill of sale by way of mortgage, the general doctrine is expressly recognized by all the Judges. And so in the case of Payne v. Renshaw, 1 Harp. Rep. 275. The motion therefore is refused.
An equitable Jhís'n^écfof distress,

Decree affirmed.